21938

In the Matter of Franklin R. DeWITT, Respondent.
(304 S. E. (2d) 270)

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Clifford O. Koon, Jr.*, Columbia, *for complainant.*

*Morris D. Rosen* and *H. Brewton Hagood*, Charleston, *for respondent.*

June 20, 1983.

*Per Curiam:*

The Hearing Panel and Executive Committee of the Board of Commissioners on Grievances and Discipline recommend respondent Franklin R. DeWitt be publicly reprimanded by professional misconduct. We agree.

This proceeding arises from an action to quiet title instituted by respondent in March 1978 on behalf of a client. An

order confirming title was filed on September 1, 1978. Approximately two years later, another attorney notified respondent the quiet title action was defective because no petition or order appointing a guardian *ad litem* for unknown minor and incompetent defendants had been filed.

The complaint alleges respondent surreptitiously inserted the petition, order, and guardian's answer into the judgment roll at the clerk of court's office after being informed they were missing. Respondent contends the documents were always in the judgment roll, and were merely overlooked by the other attorney.

The Panel and Executive Committee found respondent inserted the documents into the judgment roll after the matter was concluded, and the clear and convincing evidence supports their findings. In mitigation, there is no proof the documents were not in existence at the proper time. The order appointing the guardian *ad litem* bears Circuit Judge Sidney Floyd's signature and is dated June 1, 1978. The parties stipulated the signature was in fact Judge Floyd's, and that there was no reason to believe it was not signed on June 1, 1978. Thus, respondent could have merely submitted the documents for late filing, with no resulting prejudice to anyone.

Nonetheless, respondent's conduct in surreptitiously inserting the documents in the judgment roll involves dishonesty, fraud, deceit or misrepresentation and adversely reflects on his fitness to practice law, in violation of DR1-102(A)(4) and (6). We agree with the Panel and the Executive Committee the appropriate sanction is public reprimand.

Accordingly, respondent Franklin R. DeWitt stands publicly reprimanded for his acts of misconduct.